UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

MICHAEL B. WHITE
and DARLA K. WHITE,
              Debtors.
_____/

Case No. 13-21977-dob
Chapter 7 Proceeding
Hon. Daniel S. Opperman

OPINION DENYING IN PART AND GRANTING IN PART TRUSTEE'S MOTION FOR
SANCTIONS AGAINST MICHAEL WHITE AND THE ESTATE OF DARLA WHITE

Introduction

The Chapter 7 Trustee, Collene Corcoran, through her counsel, seeks sanctions against one Debtor, Michael White, and the estate of a deceased Debtor, Darla White. The Trustee originally sought $250,000, but after a request by the Court for a statement of services provided by counsel, the amount in issue is $55,667.50 of fees and $797.06 of costs. Mr. White filed a Response to the Motion. For the reasons stated in this Opinion, the Court grants part of the relief requested by the Trustee and awards $2,000.00 in sanctions against Michael White only. The remaining relief sought by the Trustee is denied.

Findings of Fact

The Debtors filed this case as a Chapter 11 on July 30, 2013, but the Court converted this proceeding to Chapter 7 on August 22, 2014. Except for a brief period in the Chapter 11, the Debtors have not had counsel. Darla White passed away after the case was converted and Michael White has continued on and responded to the Trustee's requests. Mr. White and the Trustee do not agree on many factual or legal issues regarding the administration of the bankruptcy estate. This disagreement is so strong that the Trustee has sent three Notices of Intent to Seek Sanctions Against Debtors. Relevant portions of each Notice include:

1

## NOTICE OF INTENT TO SEEK SANCTIONS AGAINST DEBTORS 10/30/14

PLEASE TAKE NOTICE that Thomas J. Budzynski, attorney for and on behalf of Collene K. Corcoran, Chapter 7 Trustee, will file with the Court, a motion for sanctions against you, for interference with the operation of the bankruptcy estate, i.e., improperly filing actions which properly belong to the Trustee, if you do not withdraw your Ex-parte Motion to Reinstate Chapter 11, and the adversary proceeding you filed 10/28/14 against Barb Harley, within 21 days after service hereof, pursuant to Federal Rule of Bankruptcy Procedure 9011(c)(1).

## NOTICE OF INTENT TO SEEK SANCTIONS AGAINST DEBTOR 05/13/15

Now comes Collene K. Corcoran, Trustee by and through counsel Thomas J. Budzynski and hereby gives notice of intent to seek sanctions pursuant to Fed.R.Bankr.Proc. 9011 stating as follows:

1. That the debtor herein who is operating in pro per has consistently interfered with the orderly administration of this case in the following manner:
    a. The debtor has improperly interfered with the trustee dealing with an appeal on a potential counter compliant [*sic.*] which is an asset of the bankruptcy estate, and has made improper representations to the Michigan Court of Appeals relative to his standing and the law;
    b. The debtor has further improperly presented pleadings to the court in an effort to delay the proceedings with improper determinations of the law, including seeking conversion to another chapter which is not permitted pursuant to law;
    c. The debtor has further misrepresented income and expense in motions filed with the court;
    d. The debtor has failed to do a proper investigation of the law and facts which would have discerned that there is no legal method by which the debtor can modify the mortgage on his principal residence under either Chapter 11 or Chapter 13, failed to understand due to lack of investigation that any plan filed under Chapter 11 would be controlled by Frankenmuth Credit Union, which holds a claim in an amount sufficient to prevent confirmation without compliance with the absolute priority rule which the income as represented by the debtor would not support, and the inability to modify a mortgage secured solely by residential property would by operation of law prevent a confirmable plan;
    e. That the debtor's actions in the case in general indicate a pattern of activity that is designed solely to harass and increaser [*sic.*] the costs of litigation;
    f. That the activities and pleadings as filed herein by the debtor, along with the significant delays caused by the debtor continually adjourning matters, are evidence of the debtor's bad faith.

2. That the debtor chose to submit his assets to the control of the U.S. Bankruptcy Court, but refuses to recognize the significance thereof or appreciate that all of his assets are assets of the bankruptcy estate.

3. That the debtor has continued to use assets of the bankruptcy estate without compensating the estate for the use thereof and/or paying adequate protection, such as occupying a residence for over a year without paying for the use thereof, selling and/or otherwise utilizing estate assets such as hay and rental of property.

4. That the actions of the debtor are also violative of 28 USC 1927.

### NOTICE OF INTENT TO SEEK SANCTIONS AGAINST THE DEBTOR MICHAEL B. WHITE 07/20/15

Now comes Collene K. Corcoran, Trustee, by and through counsel Thomas J. Budzynski, and hereby gives notice of intent to seek sanctions against the debtor Michael B. White unless he withdraws his Objection (Doc 386) to the trustee's proposed order of abandonment and Michael White's Motion (Doc 390) to enter onto the property to harvest "hay".

1. The debtor has consistently interfered with the closing of the real property sale by refusing admittance to an appraiser and an insurance agent, causing a scheduled closing to be adjourned.

2. That the debtor has further previously sold "hay" which belongs to the estate, although calling what was sold as hay is being kind. The debtor has failed to account to the trustee for conversion of this property.

3. That the debtor has further objected to an order for abandonment of property claiming that other items were to be abandoned. The debtor has refused to accept that he is not entitled to items, but is only entitled to the dollar value of items up to the amount of their exemption amount as specified in the Code. The trustee has not, as the court was advised, completed investigation and administration of the property.

4. That the debtor has been and continues to be a litigious individual who files pleadings solely to harass and increase litigation costs. The debtor has objected to a sale of property, interfered with parties who required access for sale completion, and failed to post a CASH bond in the amount of $167,500.00 as was previously ordered by the court (Doc 358) to stay proceedings. CASH is capitalized as the debtor represented to the court that he was seeking a bond from a bonding company and clearly had no intention of posting the required cash bond since his representations were that he intended a surety.

5. The debtor has no standing to seek to harvest a crop which belongs to the estate. Further, given the debtor's representation that this was a crop harvested on shares, the debtor lacks standing to seek to harvest. In addition, the debtor's own schedules indicate that the debtor has no equipment to harvest the crop, which is further evidence of intent to harass with his pleadings.

Mr. White denies taking the actions with the intent stated by the Trustee. Per Mr. White, his positions are based on his understanding of the law and facts.

Seeing that Mr. White's actions had not changed, the Trustee filed the instant Motion on September 30, 2015. Mr. White responded on October 13, 2015, by requesting more time to file a response. Mr. White listed a number of reasons for his request, primarily because of the press of his construction job and other legal issues between him and the Trustee pending in this Court and appellate courts. Also, as stated by Mr. White:

> Additionally, Debtors would like time to more fully investigate grievance procedures against both the trustee with the U.S. Office of the Trustee, Dept. of Justice, and in state attorney grievance regarding both truste [*sic*] and attorney Thomas Budzynski. Debtors would further request additional time to contact other debtors and/or debtor attorneys regarding a mass grievance.

The Court heard oral arguments regarding the Motion on November 20, 2015, and directed counsel to submit a Fee Application, which counsel filed. After receiving the pleadings, as well as the Response to the Fee Application, the Court issues this Opinion.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Applicable Authorities

Federal Rule of Bankruptcy Procedure 9011(b) provides:

> (b) **Representations to the Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to

cause unnecessary delay or needless increase in the cost of litigation;

    (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

    (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Under Bankruptcy Rule 9011(c)(1), a motion for sanctions must be made in compliance with the twenty-one day "safe harbor" requirement.

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

This safeguard is "an absolute requirement." *Ridder v. City of Springfield,* 109 F.3d 288, 296 (6th Cir. 1997) (interpreting identical Fed. R. Civ. P. 11).

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Under this section, an attorney is liable solely for excessive costs related to his violative conduct.

*Ridder v. City of Springfield*, 109 F.3d 288, 299 (6th Cir. 1997). The court need not find bad faith; the court may assess fees against an attorney for unreasonable and vexatious multiplication of litigation despite the absence of conscious impropriety. *Jones v. The Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986).

> An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to carte blanche to burden the federal courts by pursuing claims that are frivolous on the merits, or by pursuing nonfrivolous claims through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise "unreasonable and vexatious." Accordingly, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney.

*Id.*

<u>Analysis</u>

The vast majority of the acts listed by the Trustee in the notices occurred after Darla White passed away. Since the Court cannot attribute those acts to Darla White, the Court denies the relief requested by the Trustee against Darla White.

As to Michael White, the Court notes Mr. White is an active debtor who closely follows the administration of his bankruptcy estate by the Trustee and is a passionate advocate of his rights as he understands those rights. He is entitled to do so, but only up to a certain point. Despite what the Trustee argues, that point is not when he disagrees with the Trustee. Good faith disagreements and advocacy of rights, or extensions of rights, are not sanctionable under Rule 9011 or 28 U.S.C. § 1927. In most of the instances cited by the Trustee, Mr. White's actions are not sanctionable, even though aggressive.

If Mr. White had stayed within the confines of the Trustee's administration of his estate, the Court sees no sanctionable act. His responsive pleading to the Motion, however, goes beyond

6

acceptable boundaries.  First, Mr. White sought additional time to investigate grievance procedures with the United States Trustee, as well as the State of Michigan.  Second, Mr. White requested more time to contact "other debtors and/or debtor attorneys regarding a mass grievance."  In doing so, Mr. White reveals that his actions are not just to protect his rights, but to also possibly initiate procedures designed to harass the Trustee and her counsel and, in doing so, cause unnecessary delay and increase cost in the cost of administration.  In doing so, Mr. White has crossed into the area of sanctionable conduct.

The Court has carefully reviewed the Fee Application of Trustee's counsel and notes the drastic reduction from the original $250,000.  Also, much of the Fee Application details services counsel would have had to perform regardless of Mr. White's positions, albeit at a much higher amount for reasons stated by Trustee's counsel.

In weighing all of these facts, the Court looks to set a number high enough to sanction Mr. White appropriately, but yet in an amount commensurate with Mr. White's situation and ability to pay.  As part of this analysis, the Court notes Mr. White is without counsel, a disadvantage that the Court finds regrettable.  Counsel's advice, if taken, would undoubtedly avoid many of the arguments made in this case.  The Court also takes into account Mr. White's new occupation in the construction trades, which should garner him sufficient, but not overly significant income.  Accordingly, the Court awards $2,000.00 in sanctions in favor of the Trustee and against Michael White.

The Court will enter an Order consistent with this Opinion.

cc: Michael White

**Signed on March 11, 2016**

                                                    **/s/ Daniel S. Opperman**
                                                  **Daniel S. Opperman**
                                                  **United States Bankruptcy Judge**