UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

MICHAEL B. WHITE
and DARLA K. WHITE,
    Debtors.
_____/

Case No. 13-21977-dob
Chapter 7 Proceeding
Hon. Daniel S. Opperman

## OPINION DENYING TRUSTEE'S MOTION FOR TURNOVER OF CERTAIN ESTATE ASSETS

### Introduction

The Chapter 7 Trustee, Collene K. Corcoran, filed a Motion for Turnover of certain estate assets. The Trustee's request is limited to $22,000.00. Debtor Michael White filed a response to the Motion.[1] For the reasons stated in this Opinion, the Court denies the Trustee's Motion.

### Findings of Fact

The Debtors filed this case as a Chapter 11 on July 30, 2013, but the Court converted this proceeding to Chapter 7 on August 22, 2014. Except for a brief period in the Chapter 11, the Debtors have not had counsel. Debtor Michael White attempted to convert this case to a Chapter 13 case by Motion filed on January 27, 2015. Debtor Michael White filed an Amended Motion to Convert on March 9, 2015, in which he stated: "As of February 28, 2015, Whites have $18,500 cash on hand." Such Motion to Convert was ultimately denied by Order entered on April 2, 2015. The Trustee argues the amounts that should be turned over far exceed $22,000.00,[2] but limits her Motion

---

[1] Debtor Darla White died on January 1, 2015. Since that time, Debtor Michael White has continued to file pleadings and sign his name on behalf of Darla White.

[2] The Trustee Motion for Turnover indicates that the amounts actually total $35,097.10, which is comprised of:

1

to the $22,000.00, because Debtor Michael White "has represented that he has $22,000.00 on hand," and is an amount supported in "various pleadings" filed by the Court, "including a motion for reconversion of his case to a Chapter 13." (the "Funds"). The Trustee deduces that the $22,000.00 stated by Debtor Michael White as funds on hand must be estate property because such could only have been accumulated in three ways:

a) the debtor sold undisclosed assets which belonged to the estate or,

b) the debtor did not make the payments as represented in the operating reports or,

c) the debtor did not report all income.

Trustee's Motion (Doc. No. 306), page 3.

Mr. White argues that the Funds either never existed or do not constitute property of the estate. Mr. White argues that the Funds at issue, if such existed, were used by Debtors in the operation of their farming operation and ongoing monthly expenses, and did not constitute a lump sum existing at the time of conversion of this case from Chapter 11 to Chapter 7 on August 22, 2014

The Court heard oral arguments regarding the Motion on April 28, 2016. After a review of the record in this matter, the Court issues this Opinion.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Applicable Law

---

$1,000.00 as cash on hand on Debtors' original Schedules;
$9097.10 in non-wage income per Debtors' Chapter 11 Monthly Operating Reports;
$14,000.00 in accrued rent received; and
$11,000.00 for Debtors' use of a vehicle and other estate-owned equipment

2

Property of the Estate

Under § 541(a)(1), property of the estate includes "all or legal or equitable interests of the debtor in property as of the commencement of the case." "[T]he term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent . . . ." *Segal v. Rochelle*, 382 U.S. 375, 379 (1966)). "In fact, every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541." *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993). Even a bare possessory interest such, as a tenancy at sufferance, is "an interest in real property within the scope of the estate in bankruptcy under section 541." *Convenient Food Mart No. 144, Inc. v. Convenient Industries of America, Inc. (In re Convenient Food Mart No. 144, Inc.)*, 968 F.2d 592, 594 (6th Cir. 1992) (citations omitted).

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving a windfall merely by reason of the happenstance of bankruptcy.

*Butner v. United States*, 440 U.S. 48, 55 (1979); *see also Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 700 (6th Cir. 1999) ("[I]t is well settled that a debtor's property rights are created and defined by state law.") (citations omitted).

Section 541(a)(6) specifically addresses rents, stating that the estate is comprised of the following:

> (6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

3

Turnover of Estate Property

11 U.S.C. § 542(a) states, in relevant part:

[A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Thus, to successfully obtain turnover under Section 542(a), the party seeking turnover must prove the following elements by a preponderance of the evidence:

(1) that the property is or was in the possession, custody or control of an entity during the pendency of the case;

(2) that the property may be used by the trustee in accordance with § 363 or exempted by the debtor under § 522; and

(3) that the property has more than inconsequential value or benefit to the estate.

*Bailey v. Suhar (In re Bailey)*, 380 B.R. 486, 490 (B.A.P. 6th Cir. 2008) (citations omitted).

Analysis

The Court analyzes the Trustee's Motion on two separate, but parallel tracks. First, the Trustee concedes that the Funds, consisting of the lower amount of $22,000.00, is all that she is seeking in her Turnover Motion, because she asserts this is an amount Debtor has represented he has on hand. Second, the Trustee argues that the existence of the Funds is supported by the existence of estate property subject to turnover in the larger amount of $35,097.10. *See supra* note 2.

The Court first notes it is the Trustee's burden of proof to demonstrate turnover of the Funds is appropriate. The Trustee did not direct the Court to a pleading or document in which Debtor Michael White admitted to the $22,000.00 amount, nor did the Trustee direct the Court to the date of a hearing in which such statement was made, or more appropriately, provide the Court with a transcript reference to a hearing. The Court does find that Debtor Michael White did state he had

4

$18,500.00 in "cash on hand" in his first amended Motion to Convert filed on March 9, 2015. However, the Trustee does not provide any further detail as to the actual existence of the Funds, and if such do exist, as to the origination of those funds, or whether such can be characterized as earnings from services performed and, thus, not property of the estate under Section 541(a)(6). As much as the Trustee would argue Debtor Michael White is an intelligent and savvy individual that should be held to a higher standard in making this statement in a pleading, the Court notes that pleadings filed by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, filings by pro se litigants are to be construed liberally. *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006). The Trustee ultimately bases her Motion and the $22,000.00 amount on representations made by Debtor Michael White, which are unproven and unsubstantiated. Accordingly, the Court concludes that the Trustee has not met her burden of proof as to the existence or origination of the Funds and, thus, whether such constitute property of the estate pursuant to Section 541(a), which is subject to turnover pursuant to Section 542(a).

Next, the Trustee attempts to link the Funds to the larger, $35,097.10 amount, consisting of what the Trustee characterizes as amounts which Debtor Michael White "has obtained through the use of estate assets without compensating the estate and/or are not proceeds from earnings." Trustee's Motion (Doc. No. 306), page 4; see *supra* note 2. Here, the same problem arises for the Trustee in meeting her burden of proof. First, the Court is not persuaded these amounts are or were in the possession, custody or control of Debtor Michael White during the pendency of this case. Second, while pleadings filed with the Court by Debtor Michael White, representing himself, indicate these amounts may have existed, the Trustee has not met her burden in proving actual

5

existence in an amount certain and that such are of more than inconsequential value, and thus may be used, sold or leased by the Trustee pursuant to Section 363. Rather, the Trustee relies upon pleadings and calculations filed by an unsophisticated pro se debtor, as well as her own conclusory calculations as to amounts, without offering anything more concrete to the Court for consideration. Thus, the Court concludes that the Trustee has not met her burden of proof by a preponderance of the evidence that turnover of the $35,097.10 is warranted. This conclusion extends to turnover of the Funds in the lower amount of $22,000.00.

The Court will enter an Order consistent with this Opinion.

cc: Michael White

**Not for Publication**

```
Signed on August 03, 2016
                                           /s/ Daniel S. Opperman
                                      Daniel S. Opperman
                                      United States Bankruptcy Judge
```