UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

MICHAEL B. WHITE and
DARLA K. WHITE,　　　　　　　　　　　　Case No. 13-21977-dob
　　　　　　　　　　　　　　　　　　　　Chapter 7 Proceeding
　　　Debtors.　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

OPINION REGARDING DEBTORS' MOTION TO SET ASIDE
DISMISSAL OF STATE COURT ACTION

Introduction

Debtor Michael White filed the instant Motion[1] to set aside an Order of Dismissal entered by the Michigan Court of Appeals on April 8, 2015. For the reasons stated in this Opinion, the Court denies the Debtor's Motion.

Facts

The Debtors filed this case as a Chapter 11 on July 30, 2013, and the Court converted this proceeding to Chapter 7 on August 22, 2014. The Chapter 7 Trustee appointed in this case, Collene Corcoran, has administered various assets of Debtors' bankruptcy estate, including an action pending in the Michigan Court of Appeals, involving Debtors' appeal of a decision of the Saginaw County Circuit Court ("State Court Action"). After a hearing on January 29, 2015 on the Trustee's Motion to Sell Property, the Court entered an Order on March 16, 2015, allowing the Trustee to dismiss the State Court Action with prejudice ("Sale Order"). The Sale Order states, in relevant part:

---

[1] Debtor Darla White died on January 1, 2015. Since that time, Debtor Michael White has continued to file pleadings and sign his name on behalf of Darla White. Darla White is now represented by counsel, and the instant Motion is signed by Debtor Michael White only.

1

> IT IS FURTHER ORDERED that Frankenmuth Credit Union is released of all claims, counterclaims, defenses, and causes of action that exist or could exist, whether pending or contemplated, whether known or unknown, that are or could be made by the debtors or the bankruptcy estate, in exchange for its agreement to accept $162,500.00 as payment of its secured mortgage claim. This release is effective immediately upon entry of this Order, regardless of whether the trustee sells the subject property.
>
> IT IS FURTHER ORDERED that, as part of the release of Frankenmuth Credit Union, the Trustee is authorized to and shall stipulate to dismiss with prejudice the pending appeal by the debtors pending in the Michigan Court of Appeals and entitled Frankenmuth Credit Union v Michael White and Darla White, Court of Appeals Case No. 320641.

After entry of the Sale Order, the Trustee and Frankenmuth Credit Union stipulated to dismissal of the State Court Action, and the Michigan Court of Appeals entered an Order Dismissing the State Court Action on April 8, 2015. Debtors filed a motion to set aside the dismissal thereafter, which was denied by the Michigan Court of Appeals by order dated May 14, 2015. Debtors also filed motions to reinstate the State Court Action and for reconsideration, both of which were denied by letters from the Michigan Court of Appeals dated January 10, 2017, and February 2, 2017, respectively.

The Chapter 7 Trustee continued her administration of the assets of this bankruptcy estate, which included the procurement and sale of bankruptcy estate assets, the Trustee's objections to amended exemptions claimed by Debtors, Debtor Michael White's appeals of Orders of this Court relating to such, as well as various other contested matters. One of these such motions, was the Chapter 7 Trustee's Motion to turnover certain estate assets (Docket No. 321). Another related motion was Debtor Michael White's Counter-Motion for Abandonment (Docket No. 326). After a hearing held on December 15, 2016, these Motions were resolved via Order Allowing Abandonment of Specific Items to the Debtor, entered on December 19, 2016 (Docket No. 567) ("Abandonment Order"). The relevant provision of the Abandonment Order states:

IT IS FURTHER ORDERED that as stated in a hearing on December 15, 2016, the following items are specifically abandoned:

\* \* \* \*

•        Cause of action against Frankenmuth Credit Union;

In his instant Motion, Debtor Michael White asserts that he continues to hold an interest in the State Court Action because it has been abandoned to the Debtors by virtue of the Abandonment Order. Debtors argue that they now have the right to pursue the State Court Action, and that this Court must, therefore, set aside the dismissal of the State Court Action.

The Chapter 7 Trustee and Frankenmuth Credit Union object, arguing that the State Court Action involved bankruptcy estate property, which was within the Trustee's discretion to settle and dismiss. The Trustee asserts that, in her judgment, the State Court Action would yield no benefit to the estate, and would merely be a drain on estate resources. Frankenmuth Credit Union concurs with the Trustee's argument, and further points out that Debtor Michael White has already attempted to set aside the dismissal, which attempt was denied by the Michigan Court of Appeals.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O) (matters concerning the administration of the estate) and (other proceedings affecting the adjustment of the debtor-creditor relationship).

Law and Analysis

Debtor has not stated a specific legal basis to set the dismissal of the State Court Action aside. The Court will thus view the instant Motion as one brought pursuant to Rule 60(b)(6), which states that relief from the Order of Dismissal of the State Court Action may be appropriate

for "any other reason justifying relief from the operation of the judgment."

The Sixth Circuit Court of Appeals "adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (citations omitted). "This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)." *Rogan v. Countrywide Home Loans, Inc.* (*In re Brown*), 413 B.R. 700, 705 (B.A.P. 6th Cir. 2009) (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990)).

"Notwithstanding the extraordinary nature of relief under [Rule] 60(b)(6), district courts may employ subsection (b)(6) as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Hopper*, 867 F.2d at 294. But the "something more" is limited to "unusual and extreme situations where principles of equity mandate relief[,] coupled with a showing that if relief is not granted[,] extreme and undue hardship will result." *Brown*, 413 B.R. at 705 (citations omitted). "Accordingly, a motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is 'especially broad' given the underlying equitable principles involved." *Hopper*, 867 F.2d at 294.

"Most of the grounds for relief relate to, if not require, new information about the case that could not reasonably have been discovered earlier. And the public policy favoring finality of judgments limits the availability of relief under [Rule 60(b)]. That is especially true in an application of subsection (6) of Rule 60(b) . . . ." *Gencorp, Inc. v. Olin Corp.*, 477 F.3d 368, 3372 (6th Cir. 2007) (internal quotation marks and citations omitted).

The burden is upon the moving party to establish the grounds for relief from judgment. *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *United States v. International Board of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)).

4

Under Rule 60(b)(6), which the Court determines to offer Debtor the broadest opportunity for relief, the Court finds that Debtor has not demonstrated "exceptional or extraordinary circumstances" are present. First, the Court does not have the authority to set aside the dismissal of the State Court Action under the *Rooker-Feldman* doctrine. Under the United States Supreme "Court's Rooker/Feldman abstention doctrine, . . . a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. Grandy*, 512 U.S. 997, 1005-06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).

"[T]he Rooker-Feldman doctrine applies even where a state court judgment may be in error." *Audre, Inc. v. Casey (In re Audre, Inc.)*, 216 B.R. 19, 29 (B.A.P. 9th Cir. 1997). There are other exceptions to application of the doctrine. The Sixth Circuit Court of Appeals recognizes an exception when the state court judgment was "procured through fraud, deception, accident, or mistake . . . ." *Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.)*, 801 F.2d 186, 189 (6th Cir.1986) (quotation marks and citation omitted).

Giving Debtor Michael White every benefit of reasoning and argument in reading the instant Motion, the most Debtor can argue is that the *Rooker-Feldman* doctrine does not apply because of an exception due to fraud or similar reasons. The Court concludes that no exception to the *Rooker-Feldman* doctrine exists. The Trustee and Frankenmuth Credit Union negotiated the terms of a sale of property with Frankenmuth Credit Union conceding a reduction in the amount paid to it in exchange for the dismissal of the State Court Action. The Sale Order granted the Trustee the authority to stipulate to dismiss the State Court Action with prejudice. The State Court Action was thereafter dismissed upon stipulation between the Trustee and

5

Frankenmuth Credit Union by order of the Michigan Court of Appeals on April 8, 2015. The Michigan Court of Appeals denied Debtor Michael White's motion to set aside the dismissal by order dated May 14, 2015, and subsequent attempts by Michael White to reinstate the State Court Action and for reconsideration, both of which were denied by letters from the Michigan Court of Appeals dated January 10, 2017, and February 2, 2017, respectively. Accordingly, the April 8, 2015, Order of Dismissal stands as a final order.

Second, the Abandonment Order does not resurrect the Debtor's right to pursue the State Court Action. The Court concludes the mention of the "[c]ause of action against Frankenmuth Credit Union," in the Abandonment Order was a mistake and should be considered and accordingly disregarded as such. Even if not a mistake, the Abandonment Order abandoned whatever was left of the State Court Action on that date, which was a fully administered asset of the estate resulting from a dismissal with prejudice. This provision in the Abandonment Order resulted in the equivalent of nothing for the Debtors.

## Conclusion

For the above stated reasons, the Court denies Debtor Michael White's Motion to set aside the State Court Action. The Court will enter an appropriate order.

**Not for Publication**

**Signed on September 28, 2017**



/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**