UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

MICHAEL B. WHITE
and DARLA K. WHITE,
Debtors.
_____/

Case No. 13-21977-dob
Chapter 7 Proceeding
Hon. Daniel S. Opperman

OPINION REGARDING TRUSTEE'S OBJECTIONS TO
DEBTOR'S CLAIM OF EXEMPTIONS (DOCKET NO. 722),
TRUSTEE'S MOTION TO STRIKE (DOCKET NO. 730), AND
DEBTOR'S MOTION TO QUASH TRUSTEE'S MOTION TO STRIKE (DOCKET NO. 734)

On August 8, 2017, amended exemptions were claimed by Darla White by her attorney of record, George Jacobs. The Chapter 7 Trustee objected to these exemptions, but to date no response has been filed by Darla White to the Trustee's objections. Her husband, Michael White, has filed responses to the objections on his own behalf, so the Court held a hearing on October 27, 2017, to consider the exemptions claimed by the Debtors, as well as the objections to the exemptions. Since the Court required additional documents from Mr. White, the Court allowed Mr. White until November 10, 2017 to file these documents. After reviewing the documents supplied by Mr. White, the Court issues this Opinion.

Findings of Fact

The Court has issued various written Opinions and findings of fact in Opinions throughout this case and incorporates those findings of fact by reference. Of particular note for the instant matter before the Court is Mr. White's assertion that his exemptions, as well as those of his late wife, Darla White, need to be amended and the efforts made to make those amendments. Most noteworthy, Mr. White retained an attorney to represent his late wife and an appearance was filed on December 14, 2016 that erroneously stated that the attorney represented Mr. White and not Ms. White. That appearance was corrected on January 25, 2017 by the withdrawal of the previous

1

appearance and the filing of an appearance on behalf of Ms. White. This appearance is noteworthy in that the Court established a deadline of February 3, 2017 for counsel to file amendments to exemptions. That Order, dated January 9, 2017, stated:

> The Court held a status conference regarding this matter on January 6, 2017. After hearing statements of counsel and Mr. White, the Court concluded that a deadline should be set for the filing of amendments to exemptions by Darla White.
>
> NOW, THEREFORE, IT IS HEREBY ORDERED that counsel for Darla White must file amendments to exemptions on or before February 3, 2017.

Ms. White's attorney did not file an amendment to exemptions by the February 3, 2017 deadline, but on August 8, 2017 amendments to exemptions were filed. The Trustee objects to these exemptions, in particular:

1. Real estate situated at 11085 Block Road, Birch Run, Michigan.
2. The sale of hay crops from 11085 Block Road, Birch Run, Michigan.
3. The sale of sand and gravel from 11085 Block Road, Birch Run, Michigan.
4. The sale of oil and gas rights from 11085 Block Road, Birch Run, Michigan.

The attorney for Ms. White has not filed a response to the Trustee's objections to exemptions, but Mr. White did so. Thereafter, Mr. White and the Trustee filed a flurry of papers seeking to either strike or quash various pleadings filed by the other. During this time, Ms. White's counsel did not file a response to the Trustee's objection to exemptions, despite the October 11, 2017 Order of this Court to do so.

The Court held a hearing regarding the Trustee's Objection to Exemptions, the Trustee's Motion to Strike, and Mr. White's Motion to Quash Trustee's Motion to Strike on October 27, 2017. At this hearing, the Trustee makes a straightforward argument that the four objections raised by her have not been responded to and therefore should be sustained. She argues that Ms. White is represented by an attorney and that the Court should not acknowledge Mr. White's objections. In response, Mr. White claims that he is the sole beneficiary of his wife's probate estate and has the right to protect her interests, and thus his, as stated by the Sixth Circuit Court of Appeals in *Bass v.*

*Leatherwood*, 788 F.3d 228 (6th Cir. 2015). To that end, Mr. White offered a copy of the Last Will and Testament of Darla K. White, which states:

DISPOSITION OF PROPERTY

(A) I give to my husband, MICHAEL B. WHITE, if he shall survive me, all of my household furniture, library, jewelry, works of art, chinaware, silverware, automobiles for personal use, and all other tangible personal property in, around, or used in connection with any of my residences. This personal property shall not include bonds, stocks, or intangible or tangible personal property (although in or around any of my residences) used for business purposes. My Personal Representative shall have full authority to determine if an asset is used for a business purpose.

As to the remaining property, paragraph D directed:

(D) The remainder of my estate I appoint unto the then acting Trustee under the "MICHAEL B. WHITE AND DARLA K. WHITE INTER-VIVOS TRUST". This trust being executed at about the same time and date as this Will. In the event this trust shall be of no force or effect, the remainder of my estate shall be held, managed and disposed of in accordance with the provisions of this trust by the named trustee, incorporating this trust by reference. I specifically exercise any powers of appointment I may possess at the time of my death.

Since Mr. White needed time to provide the Court with a copy of the Trust referenced in the Will, the Court allowed him time to do so. The relevant language in that document includes:

AGREEMENT ESTABLISHING A TRUST

TO BE KNOWN AS THE

"MICHAEL B. WHITE AND DARLA K. WHITE INTER-VIVOS TRUST"

THIS AGREEMENT, made this 2nd day of April, 1992, by and between MICHAEL B. WHITE, "SETTLOR" or "TRUSTEE"; DARLA K. WHITE, "SETTLOR" or "TRUSTEE", both SETTLORS being residents of 11085 Block Road, Birch Run, Michigan 48415; and SECOND NATIONAL BANK OF SAGINAW, a National Banking Association, or its successors, its assignee or its nominee, with a place of business in Saginaw, Michigan, "SUCCESSOR TRUSTEE".

WHEREAS, MICHAEL B. WHITE and DARLA K. WHITE shall act together as settlor until his or her death or incapacity at which time the surviving and able party shall act alone. Throughout this document the term "SETTLOR" shall describe both MICHAEL B. WHITE and DARLA K. WHITE, if both are capable of acting, or only the able party, if one party shall have died or is incapacitated.

WHEREAS, MICHAEL B. WHITE and DARLA K. WHITE shall also act together as trustee until his or her death or incapacity at which time the surviving and able party shall act alone. Upon the death or incapacity of both MICHAEL B. WHITE and DARLA K. WHITE, SECOND NATIONAL BANK OF SAGINAW, a National Banking Association, with a place of business in Saginaw, Michigan, shall become the sole trustee. Throughout this document where the term "TRUSTEE" is used, SETTLOR has intended to describe the party or parties acting in a fiduciary capacity, whether initial or successor trustee, individual or institutional trustee.

. . .

## ARTICLE I
## DESCRIPTION OF PROPERTY TRANSFERRED

SETTLOR may transfer any real or personal property to TRUSTEE. Transfers to TRUSTEE of real and personal property may be made from any other source during SETTLOR'S life or after SETTLOR'S death, including from SETTLOR'S estate. At the time of execution of this Trust Agreement, SETTLOR may transfer to TRUSTEE certain property designated on Schedule "A" that is attached to this Trust Agreement. All property held by TRUSTEE shall be collectively referred to as the "Trust Fund".

. . .

## ARTICLE VI
## DISTRIBUTION OF TRUST FUND

(A) The term children shall mean:

SETTLOR'S daughter, _____, who was born _____, SETTLOR'S daughter, _____, who was born _____, and SETTLOR'S daughter, _____, who was born _____.[1]

The terms "grandchild", "issue", or "descendant" means a lawful grandchild, issue, or descendant. These terms shall include persons legally adopted by a child of SETTLOR or a natural descendant of a child of SETTLOR, and the natural or legally adopted descendants of such persons, whether born or legally adopted before or after the date this Trust Agreement is executed.

(B) Upon the death of both MICHAEL B. WHITE and DARLA K. WHITE, the principal of this Trust Fund, together with any additions and any undistributed income, shall be divided into equal shares so as to provide one (1) share for each of SETTLOR'S children. TRUSTEE shall hold, administer, and distribute each child's

---

[1] The blank spaces were redacted in the Trust filed with the Court to protect the privacy of the children of the Debtors.

> share according to the terms of this Article. If any of SETTLOR'S children fail to survive either SETTLOR, then such child's respective portion of the Trust Fund shall be divided into equal shares so as to provide one (1) share for each of his or her then living issue. Each issue's share shall be held, administered and distributed according to Article VI (I). If any child shall fail to survive either SETTLOR and is not survived by issue, then his or her portion of the Trust Fund shall be divided equally and added to the shares established for SETTLOR'S other children.

The Court allowed the parties time to address the Trust filed by Mr. White.

Previously, this Court disallowed the claimed asset by Mr. White in 11085 Block Road, Birch Run, Michigan by way of an Order dated September 25, 2017. This property was sold by the Trustee and Mr. White appealed the order approving the sale, but his appeals to date have not been successful.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Analysis

The initial and straightforward approach to take to the issues before the Court start with the fundamental notion that a party represented by an attorney is bound by the acts of that attorney until the attorney withdraws. In this case, counsel for Ms. White filed an appearance on January 25, 2017, amended the exemptions after the deadline set by the Court, and then failed to respond to the objections raised by the Trustee. At first blush, the Court could decide this matter by holding that the amendment to exemptions was well past the deadline set by the Court in its January 9, 2017 Order and therefore the Trustee's objections to exemptions should be sustained, or the Court could find that there has been no valid timely response to the Trustee's objections to exemptions and that the objections should be sustained. This is especially true given the October 11, 2017 Order of the Court directing the attorney to file a response, which went unanswered.

5
13-21977-dob    Doc 802    Filed 03/21/18    Entered 03/21/18 15:12:05    Page 5 of 7

This Court has the inherent power to set deadlines and enforce those deadlines consistent with and in furtherance of its duties under the Bankruptcy Code. 11 U.S.C. § 105(a), s*ee also Miller v. Pennsylvania Higher Educ. Assistance Agency (In re Miller)*, 377 F.3d 616, 621 (6th Cir. 2004). The Court in this case initially finds that the deadlines set by the Court had expired and no amendments to exemptions were timely filed. Second, the Court finds that the amendments to exemptions were filed approximately six months later and timely objected to with no response filed by the attorney for the party claiming the exemptions. For these reasons, the Court sustains the Trustee's objections and directs the Trustee to file an application to support her request for attorney fees.

Because the issues here involve exemptions that are vital to the rehabilitation of debtors, the Court will continue its analysis to address other various issues raised by the parties, notably Mr. White. Applying the *Bass* analysis to the instant case, Mr. White has demonstrated that there are no other creditors in Ms. White's probate estate and, at first blush, the Last Will and Testament gives him certain rights in personal property, except for those items for business purposes. As for assets with business purposes, it appears from Ms. White's Will that this property is owned by the Michael B. White and Darla K. White Inter-Vivos Trust. This Trust, however, does not state that Mr. White is the sole beneficiary. Instead, his three children and his grandchildren are the beneficiaries. At best, Mr. White is the settlor and does not have any beneficial interest in these assets. According to *Bass*, Mr. White cannot act as he has regarding these objections to exemptions.

Continuing through Mr. White's analysis, if he has timely filed a response to the objection to Ms. White's exemptions, the Court still arrives at the same decision that it did in its September 25, 2017 Order, which sustained the Trustee's objection to his claim of exemptions in the 11085 Block Road, Birch Run, Michigan property. In this regard, it is especially noteworthy that the Sixth Circuit Court of Appeals has long since affirmed the sale of this property by the Chapter 7 Trustee

and further concluded that neither Debtor has a financial interest in the sale proceeds received by the Trustee.

To complete the Court's analysis, the Trustee filed a Motion to Strike Pleadings filed by Mr. White which, for purposes of this Opinion, the Court denies. As the Court has denied the Trustee's Motion to Strike, the Motion of Mr. White to Quash the Trustee's Motion is denied as moot.

The Trustee is directed to prepare an order consistent with this Opinion and the entry of order procedures of this Court.

cc: Michael White
**Signed on March 21, 2018**

/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**