UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re:                                          Case No. 13-21977

MICHAEL B. WHITE and
DARLA K. WHITE,                                 Chapter 7

            Debtors.                            Honorable Daniel S. Opperman
_____/

## OPINION AND ORDER DENYING DEBTOR'S MOTION FOR TURNOVER OF NON-BANKRUPTCY ESTATE ASSETS (DOCKET NO. 793)

On February 16, 2018, the Court held a hearing on Debtor Michael White's "Motion To Re-allocation Darla White, dec 11 USC 522(d)(5) Exemption" ("Reallocation Motion"). Part of the property at issue in the Reallocation Motion consisted of rents collected by the Chapter 7 Trustee from by real property located at 11255 Block Road, Birch Run, Michigan. The rents collected total $5,250.00, and were all collected by the estate prior to abandonment of the real estate. At that hearing, the Court denied Debtor's Motion, and specifically concluded that the issue of Mr. White's ability to exempt the rents was premature until a determination is made concerning whether the rents are property of the bankruptcy estate. The estate property question had just been placed before the Court for determination two days prior when Mr. White filed a Motion for Turn Over of Non-Bankruptcy Estate Assets on February 14, 2018 ("Turnover Motion"). While the Turnover Motion was not yet up for hearing, and the Chapter 7 Trustee had not yet had an opportunity to respond, the Court determined that it would decide the Turnover Motion without further hearing.

The Court has reviewed the Turnover Motion, the Trustee's Objection filed on February 28, 2018, and concludes as follows. The real property located at 11255 Block Road, Birch Run, Michigan, was property of the bankruptcy estate until an Order dated December 19, 2016 was entered specifically abandoning such. Rents collected by the bankruptcy estate during the pendency of this case though the date of this Order totaled $5,250.00. 11 U.S.C. § 541(a)(6) provides that property of the estate includes "rents . . . from property of the estate." The Court

1

further concludes that the unpublished decision of the Sixth Circuit Court of Appeals in the case of *Hardesty v. Haber (In re Haber)*, No. 17-3323 (6th Cir. Oct. 30, 2017), is distinguishable from the facts of the instant case. The *Haber* case involved surplus proceeds from a foreclosure sale occurring <u>after</u> a Chapter 7 trustee had abandoned the subject property. The *Haber* Court determined that the surplus proceeds were, thus, not estate property. The instant case involves rents collected from Section 541 estate property prior to the abandonment of such property. Accordingly, the $5,250.00 in rents collected constitutes property of the estate.

ACCORDINGLY, IT IS HEREBY ORDERED that Debtor Michael White's Turnover Motion is DENIED.

**Signed on July 26, 2018**

/s/ **Daniel S. Opperman**

**Daniel S. Opperman**
**United States Bankruptcy Judge**