UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION–BAY CITY

In re:  Case No. 13-21977

MICHAEL B. WHITE and
DARLA K. WHITE,  Chapter 7

           Debtors.  Honorable Daniel S. Opperman
_____/

## OPINION AND ORDER GRANTING TRUSTEE'S MOTION TO COMPEL GEORGE E. JACOBS, COUNSEL FOR DEBTOR DARLA WHITE, TO FILE RULE 2016(b) STATEMENT (DOCKET NO. 798)

The Chapter 7 Trustee, Collene Corcoran, files this Motion to Compel George E. Jacobs, as counsel for Debtor Darla White, only, to file a Rule 2016(b) Disclosure of Compensation Statement ("Rule 2016(b) Statement"). On December 14, 2016, Mr. Jacobs filed an appearance on behalf of Debtor Michael White, which appearance was subsequently withdrawn on January 25, 2017. On January 25, 2017, Mr. Jacobs filed an appearance on behalf of Debtor Darla White, now deceased. His appearance on behalf of Darla White has not been withdrawn. To date, Mr. Jacobs has not filed a Rule 2016(b) Statement with regard to either Debtor. Debtor Michael White responds that a Rule 2016(b) Statement is not required due to the limited nature of Mr. Jacobs' representation, specifically because such is limited to representation regarding Debtor Darla White's exemptions pursuant to 11 U.S.C. § 522.

Federal Rule of Bankruptcy Procedure 2016(b) states, in pertinent part:

> **(b) Disclosure of Compensation Paid or Promised to Attorney for Debtor.**
> Every attorney for a debtor, whether or not the attorney applies for compensation shall file and transmit to the United States trustee within 14 days after th order for relief, or at another time as the court may direct, the statement required by § 329 of the Code . . . . A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed.

11 U.S.C. § 329 concerns a debtor's transactions with attorneys, and requires that "any attorney representing a debtor . . . file with the court a statement of the compensation paid or agreed to be paid." 11 U.S.C. § 329(a). Any representation of a debtor at any time in the case

1

requires that a Rule 2016(b) Statement be filed. *See Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 477-78 (6th Cir. 1996) (finding that because the attorney was not counsel on the date of the filing was irrelevant to the requirement to file a Rule 2016(b) Statement, and determining that sanctions of return of any sums paid to the attorney to be appropriate).

Following the clear mandate of Section 329, Rule 2016(b), and the directive of applicable case law, the Court concludes that Mr. Jacobs had and has an obligation to disclose any fee arrangements made with Debtor Darla White, or her representative. There is no exception to the requirement that he file a Rule 2016(b) Statement.

ACCORDINGLY, IT IS HEREBY ORDERED that the Trustee's Motion to Compel George E. Jacobs, Counsel for Debtor Darla White, To File a Rule 2016(b) Statement (Docket No. 798) is GRANTED, and George E. Jacobs shall file a Rule 2016(b) Statement on or before **August 8, 2018.**

**Signed on July 31, 2018**



/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**