UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re:  Case No. 13-21977

MICHAEL B. WHITE and
DARLA K. WHITE,  Chapter 7

                Debtors.  Honorable Daniel S. Opperman
_____/

OPINION AND ORDER REGARDING DEBTOR MICHAEL WHITE'S
MOTION FOR RECONSIDERATION (DOCKET NO. 804) OF
COURT'S MARCH 21, 2018, OPINION (DOCKET NO. 802)

      On March 21, 2018, the Court entered an Opinion Regarding Trustee's Objections to Debtor's Claim of Exemptions (Docket No. 722), Trustee's Motion To Strike (Docket No. 730), and Debtor's Motion To Quash Trustee's Motion To Strike (Docket No. 734) (the "Opinion"). Michael White filed the instant Motion for Reconsideration of the Opinion, arguing that the Court made errors of fact and law in the Opinion concerning the assets of this bankruptcy estate, the impact and effect of the Michael B. White and Darla K. White Inter-Vivos Trust, and Michael White's ability to represent the interests of Darla White, now deceased. Debtor does not cite to any particular authority for the instant Motion.

      Shortly after the Opinion was entered, the Trustee filed a proposed order on March 23, 2018, with notice and opportunity to object pursuant to Local Rule 9021-1(a)(4), to which Debtor Michael White objected. Debtor Michael White's objection to the Trustee's proposed order supplements the instant Motion for Reconsideration, requesting that this Court insert certain paragraphs that: (1) the Court's findings concerning nonexempt sale proceeds from property located at 11085 Block Road are moot; (2) any the award of attorney fees against Attorney George Jacobs must be made in a separate order; (3) the Court made and makes no findings as to whether Michael White may represent the interests of Darla White; and (4) there are no findings made as to whether Debtors may exempt rent proceeds concerning property located at 11255 Block Road, Birch Run, Michigan.

1

Pursuant to E.D. Mich. LBR 9024-1(a)(3), motions for reconsideration may be filed within fourteen days after the order to which it objects is issued and should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect <u>and</u> that a different disposition of the case must result from a correction of such palpable defect; further, a motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. To establish a "palpable defect," the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard).

The instant Motion for Reconsideration was timely filed. The Court finds no basis under E.D. Mich. LBR 9024-1(a) to reconsider the Opinion. The Court has considered both the instant Motion for Reconsideration and the Trustee's and the Debtor's proposed versions of an order regarding the Opinion, and concludes that a version of the Trustee's proposed order largely incorporates the findings and conclusions in the Opinion, with slight modifications.

The Court first concludes that the issue of sanctions and attorney fees to be paid to the Trustee by Attorney George Jacobs should be addressed in a separate decision regarding the Trustee's Third Application for Compensation (Docket No. 806). The remaining matters Debtor takes issue with do not rise to the level of palpable defect. Specifically, Debtor has not demonstrated a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice on these remaining issues. Debtor does not agree with the Court's conclusions on these issues, all issues being ones in which the Court has clearly ruled, the latest ruling concerning the 11255 Block Road rent proceeds having been entered on July 26, 2018. The Court has and continues to conclude that Debtor Michael White

does not have the authority to represent the interests of his deceased wife, Debtor Darla White, in this bankruptcy proceeding. Finally, the final decision concerning the sale of the 11085 Block Road property did not make moot the findings and conclusions in the Opinion. Rather, the Court took the next step in making determinations as to exemptions that may be taken from these proceeds.

ACCORDINGLY, IT IS HEREBY ORDERED that Debtor's Motion for Reconsideration of the March 21, 2018, Opinion is DENIED with the exception of the issue of sanctions to be paid by Attorney George Jacobs to the Trustee, which will be separately addressed;

IT IS FURTHER ORDERED that the Court will enter an appropriate order incorporating the findings and conclusions in the Opinion, after independently reviewing the proposed order filed by the Trustee on March 23, 2018 (Docket No. 803), the Debtor's objections thereto (Docket No. 805).

**Signed on July 31, 2018**

/s/ Daniel S. Opperman
**Daniel S. Opperman
United States Bankruptcy Judge**