UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION–BAY CITY

In re:  Case No. 13-21977

MICHAEL B. WHITE and
DARLA K. WHITE,  Chapter 7

        Debtors.  Honorable Daniel S. Opperman
_____/

## OPINION REGARDING ATTORNEY FOR TRUSTEE'S THIRD INTERIM APPLICATION FOR FEES AND COSTS INCURRED BY THE ESTATE CONSISTENT WITH THIS COURT'S OPINION DATED MARCH 21, 2018 AND PURSUANT TO 11 U.S.C. § 330 (DOCKET NO. 806)

### Introduction

Collene Corcoran ("Applicant"), as attorney for the Chapter 7 Trustee, filed her Third Interim Application for Fees and Costs ("Application") requesting $3,775.00 in fees and $47.50 in expenses. The Debtors filed an Objection to these fees. After reviewing the Application, the Objection, and hearing arguments of Applicant and Debtor Michael White, the Court issues this Opinion awarding fees of $2,325.00 and expenses of $47.50.

### Findings of Fact

This is Applicant's Third Interim Application for fees and expenses in this case. This Chapter 7 case has a long history, which has been detailed in previous opinions. The Trustee has employed herself as attorney since January 11, 2016, after her previous attorney retired. Applicant has previously been awarded fees of $9,325 and expenses of $62.15 in her First Interim Fee Application, and fees of $10,300 and expenses of $53.30 in her Second Interim Fee Application. As detailed in the Services Rendered and Benefits Obtained portion of the instant Fee Application, the current request for fees is unique because the fees requested are not sought to be paid from the bankruptcy estate, but rather are sought to be paid from Attorney George Jacobs, attorney for Debtor

1

Darla White only. Applicant asserts that the fees requested should be paid by Mr. Jacobs because he "has increased the necessary litigation and costs to the estate" because after filing his appearance on January 25, 2017 to represent Darla White, who was deceased by that date, Mr. Jacobs filed amended exemptions on behalf of Darla White on August 8, 2017, then failed to follow through and communicate with Applicant. This, in turn, resulted in Debtor Michael White filing numerous pleadings on Darla White's behalf and without proper authority to do so. Mr. Jacobs failed to appear at any hearings related to the amended exemptions, and has only recently withdrawn the amended exemptions on May 14, 2018 (Docket No. 817). Thus, Applicant argues that Mr. Jacobs should be assessed sanctions for his failure to appear and prosecute the amended exemptions for over ten months, during which time, Applicant incurred fees and expenses directly related to such failure.

In support of her point as to the source of payment, Applicant cites the Court's March 21, 2018 Opinion. This Opinion directed Applicant to file a request for fees, and further concluded that fees requested directly related to Mr. Jacobs filings and failures to appear, with such a request to be filed on notice and opportunity to allow Mr. Jacobs to review and object if appropriate, as well as allow the Court to review. The March 21, 2018 Opinion made findings of fact that Mr. Jacobs first incorrectly filed an appearance for Mr. White, and was subsequently corrected to withdraw that appearance and file an appearance for Mrs. White only. The Court found that Mr. Jacobs did not file amendments to exemptions by the Court's established deadline of February 3, 2017, but waited until August 8, 2017, to file amendments. The Trustee objected to these amendments. Again, Mr. Jacobs ignored the deadline imposed in the Court's October 11, 2017 Order for responses to the Trustee's objection. The Court noted all of these failings on the part of Mr. Jacobs in its March 21, 2018 Opinion, as well as its "inherent power to set deadlines and enforce those deadlines consistent with and in furtherance of its duties under the Bankruptcy Code." (March 21, 2018 Opinion, at 6). The Court sustained the Trustee's objections to exemptions and, citing as authority 11 U.S.C. §

105(a) and *Miller v. Pennsylvania Higher Educ. Assistance Agency (In re Miller)*, 377 F.3d 616, 621 (6th Cir. 2004), further directed the Trustee to "file an application to support her request for attorney fees." (March 21, 2018 Opinion, at 6).

The Summary of Services attached to the Application details time entries related to the amended exemptions filed by Mr. Jacobs on behalf of Darla White, including reviewing pleadings and related documents, preparing for and attending hearings, and preparing responsive and related pleadings.

Debtor Michael White objects to the award of fees, first asserting he has standing to object because any fees awarded will potentially diminish the potential return on monies paid to Mr. Jacobs by Mr. White if Mr. Jacobs is ordered to pay the fees and costs requested in the Application. Debtor raises other objections to the Application. For the reasons further discussed below, the Court holds that Debtor does not have standing to object. Thus, further description or discussion as to Debtor's objection is unnecessary.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction.

Applicable Law

Debtor Standing to Object

In order to demonstrate standing generally, a party must meet three elements:

(1) actual or threatened injury resulting from the conduct or action of another;

(2) an injury which can be traced to the challenged conduct or action; and

3

(3) the injury may be redressed by a favorable decision by the court.

*In re Cormier*, 382 B.R. 377, 410 (Bankr. W.D. Mich. 2008). A Chapter 7 debtor usually does not have standing to object to a proof of claim because a Chapter 7 debtor is not impacted by whether claims are paid by a trustee and in what amount. *See In re Dinoto*, 576 B.R. 835, 838 (Bankr. E.D. Mich. 2017). Unless the debtor can demonstrate there "is a reasonable possibility" of a surplus entitling the debtor to any distribution from the estate, there can be no standing. *Id*. (citations omitted).

Sanctions–11 U.S.C. § 105(a) and 28 U.S.C. § 1927

Bankruptcy courts have the power to sanction an attorney who unreasonably and vexatiously multiplies the proceedings under the general powers granted in 11 U.S.C. § 105(a). *In re Volpert*, 110 F.3d 494, 500 (7th Cir. 1997). Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Section 105 grants the courts broad powers to implement Title 11 and prevent abuse of the bankruptcy process. An award of sanctions under section 1927 or under the court's inherent powers is within the court's discretion. *Jones v. The Continental Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986).

Bankruptcy courts also have the power to sanction attorneys under 28 U.S.C. § 1927. *Adair v. Sherman*, 230 F.3d 890, 895 n.8 (7th Cir. 2000). A violation may exist under Rule 11, and the Court may still find no basis exists for a Section 1927 finding. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir. 1992). Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Under this section, an attorney is liable solely for excessive costs related to his violative conduct. *Ridder v. City of Springfield*, 109 F.3d 288, 299 (6th Cir. 1997). The court need not find bad faith; the court may assess fees against an attorney for unreasonable and vexatious multiplication of litigation despite the absence of conscious impropriety. *Jones*, 789 F.2d at 1230.

> An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to carte blanche to burden the federal courts by pursuing claims that are frivolous on the merits, or by pursuing nonfrivolous claims through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise "unreasonable and vexatious." Accordingly, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney.

*Id*.

Fee Application Analysis

11 U.S.C. § 330(a)(3) provides, in relevant part:

In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–

    (A) the time spent on such services;

    (B) the rates charged for such services;

    (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;

    (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(4) prohibits the Court from allowing compensation for:

   (I) unnecessary duplication of services; or

  (ii) services that were not–

   (I) reasonably likely to benefit the debtor's estate; or

   (II) necessary to the administration of the case.

The lodestar method is to be utilized in awarding fees under Section 330. *Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id*. at 337. The *Boddy* Court further held:

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Id*. at 338 (citations omitted).

Per *Boddy*, a "court can legitimately take into account the typical compensation that is adequate for attorney fees in Chapter 13 cases, as long as it expressly discusses these factors in light of the reasonable hours actually worked and a reasonable hourly rate." *Id.*

The professional requesting compensation has the burden of proof regarding the application for compensation. *In re Sharp*, 367 B.R. 582, 585 (Bankr. E.D. Mich. 2007); *In re New Boston Coke Corp.*, 299 B.R. 432 (Bankr. E.D. Mich. 2003).

Analysis

As alluded to above, the Court first concludes that Debtor Michael White does not have standing to object to the Application. In accord with the *Cormier* and *Dinoto* decisions, Debtor does not stand to benefit from the allowance or disallowance of the fees requested in the application. While *Cormier* involved debtor objections to a trustee sale and *Dinoto* involved debtor objections

to a proof of claim, the effect is the same here. This is true for the simple reason that any fees awarded will be paid by Mr. Jacobs, not from estate funds. Such payment will have zero impact upon Mr. White.

For the reasons detailed in the Court's March 21, 2018 Opinion, sanctions against Mr. Jacobs and in favor of Applicant are appropriate pursuant to Section 105(a), and by implication, 28 U.S.C. § 1927. Even though there are no remaining objections to the Application, the Court is under a duty under *Boddy* to evaluate the number of hours and the hourly rate. The Court first concludes that the $250.00 hourly rate is reasonable for a person with the years of experience held by Applicant. Next, the Court must analyze this case as to the time expended as allowed by *Boddy* in Section 330 to determine whether the requested compensation is reasonable. The compensation requested must also be related to the actions, or more appropriately, the inactions of Mr. Jacobs.

After close consideration of the Time and Billing Time Report attached to the Application, the Court concludes that all time entries should be allowed as appropriate as required by *Boddy* and Section 330, with the exception of the following time entries, which the Court concludes are not directly related to Mr. Jacobs' pleadings, actions, or inactions:

Accordingly, the Court reduces the fees requested by counsel as follows:

| | | |
|---|---|---:|
| Total fees requested: | | $3,775.00 |
| Less: | .3 hours on 02/02/18 (Prepare and file Trustee's Objection to Debtor's Motion to Reallocate Darla White's exemptions): | ($75.00) |
| Less: | .3 hours on 02/14/18 (Receive and review Debtor's Motion for Turnover of Non-Bankruptcy Estate Assets filed by Debtor Michael White and Joint Debtor Darla White): | ($75.00) |
| Less: | 4.5 hours on 02/14/18 ( Receive and review Debtor's Reply to Trustee's Objection to Reallocate Darla White's exemptions): | ($1,125.00) |
| Less: | .4 hours on 02/27/18 (Prepare Trustee's Motion to Compel | |

7

   Attorney George Jacobs to file Rule 2016(b) statement):   ($100.00)

 Less .3 hours on 02/28/18 (Prepare and file Trustee's Objection to
   Debtor's Motion for Turnover of Non-Bankruptcy
   Estate Assets):   <u>($75.00)</u>

Total fees awarded:   **$2,325.00**

  Accordingly, the Court awards fees of $2,325.00 and costs and expenses of $47.50. The Court further holds that this award in favor of Applicant is to be paid directly by Mr. Jacobs from his personal funds. Any fees owed by Mr. White to Mr. Jacobs under a retainer or similar agreement are not affected by this Opinion and Order.

  The Court will enter an appropriate Order.

**Not for Publication**

**Signed on July 31, 2018**



      /s/ Daniel S. Opperman
      **Daniel S. Opperman**
      **United States Bankruptcy Judge**