UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

MICHAEL B. WHITE
AND DARLA K. WHITE,
    Debtors.
_____/

Case No. 13-21977-dob
Chapter 7 Proceeding
Hon. Daniel S. Opperman

OPINION REGARDING DEBTOR'S MOTION FOR
CLARIFICATION OF EXEMPTIONS AND TRUSTEE'S OBJECTION TO EXEMPTIONS

Introduction

Debtors are allowed to amend their schedules freely and to claim the maximum exemptions allowed by the Bankruptcy Code. Here, Debtor Michael White has exercised this right by amending his Schedule C numerous times - - eight times by the Trustee's count. The instant issue is whether the Debtor can exempt rent revenue generated by lease payments for real property located at 11255 Block Road, Birch Run, Michigan and collect interest on this money held by the Trustee. The Debtor claims he can; the Trustee claims otherwise. Because the record of the exact amount received by the Debtor is incomplete, the Court directs the Debtor to supplement his Motion.

Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1) and E. D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate or exemptions from property of the estate).

Findings of Fact

The Court makes the following findings of fact from a review of the pleadings in this case.

1

When the Debtors filed their Chapter 11 case, they were purchasing 11255 Block Road on land contract from Barb Hartley. This property had a mobile home that the Debtors rented out to others and was unoccupied when the case started. The Debtors did not claim an exemption in 11255 Block Road initially. During the Chapter 11 case, the Debtors found a tenant and collected rent of $525 per month. A total of $6,825 was collected by the Debtors until their case converted to Chapter 7. Thereafter, the Chapter 7 Trustee collected rent for ten months totaling $5,250. Rent payments ceased in August 2015.

The Debtors amended their Schedule C to include "11255 Block Rd. rental on one acre" for a value of $1,500 each. On January 14, 2016, the Debtor amended Schedule A/B to disclose the following regarding 11255 Block Road:

FMV 11255 Block rental property on July 30, 2013 plus accumulated gross rents – value based on May 21, 2015 auction see Sch G         $11,550.00

In turn, the Debtor amended Schedule C:

| Brief Description | Current value on the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| . . . | | | |
| 11255 Block rental | $11,550.00 | $2,000.00 | 11 USC 522(d)(5) |
| 11255 Block gross rental | $7,875.00 | $0.00 | 11 USC 522(d)(5) |

The Debtor posited that the rental income was not property of the estate, so no exemption need be taken. The Trustee disagreed and litigation and appeals ensued. The parties agree that the Sixth Circuit Court of Appeals determined that the rental income was property of the estate, so

after the Debtor exhausted his appellate rights, he amended his Schedule C on October 15, 2019 to claim rent revenue of $5,250 plus interest from 11255 Block Road; citing 11 U.S.C. § 522(d)(5). The Trustee objects, stating that the Debtor collected $6,825 while in Chapter 11 which he did not turnover to the Trustee, so instead the Debtor owes the estate the difference of $1,575.00 ($6,825 - $5,250). The Debtor filed a Motion for Clarification on November 4, 2019, stating that the 11 U.S.C. § 522(d)(5) exemption was $12,725 or $25,450 for a husband and wife joint case and that as of September 30, 2019, he had $11,198 available. The Trustee referenced her objection to the Debtor's exemptions.

At the December 19, 2019 oral argument, the Trustee reported that the estate does not earn interest in the account and that no interest can be paid in these circumstances. With this statement, the Debtor indicated that he would not vigorously pursue his request for interest. After completion of oral argument, the Court took this matter under advisement.

## Applicable Authority

At the time the Debtors filed their petition, 11 U.S.C. § 522(d)(5) read:

> (d) The following property may be exempted under subsection (b)(2) of this section:
>
> . . .
>
> (5) The debtor's aggregate interest in any property, not to exceed in value $1,225 plus up to $11,500 of any unused amount of the exemption provided under paragraph (1) of this subsection.

## Analysis

Debtors are entitled to all validly claimed exemptions. *Law v. Siegel*, 571 U.S. 415 (2014). Debtors are also allowed to amend their schedules freely. *Id.* Federal Rule of Bankruptcy Procedure 1009. Here, the Debtor properly exercised his rights to claim an exemption in the post-

3

petition rents generated from 11255 Block Road, especially since he thought these rents were not part of the estate until the Sixth Circuit ruled otherwise and his appellate rights expired.

But the Court cannot at this time determine if the Debtor is entitled to some, all, or none of the 11255 Block Road rents because his accounting is unclear. He is correct that Section 522(d)(5) allows him a total of $12,725. His Motion states he has a remaining allowance of $11,198, or, stated differently, he has only received $1,527 ($12,725 - $11,198). Previous orders suggest he has received between $500 to $1,550 in cash and bank accounts and he admits to receiving $6,825 in earlier rents. He may have also received other monies or credits because earlier amendments to Schedule C claim 11 U.S.C. § 522(d)(5) exemptions as well. With this record, the Court cannot determine the exact amount.

The Court concludes that the Debtor should supplement his Motion for Clarification to account for all money and property he has received as a result of his Section 522(d)(5) exemption. The Court suggests he can report this information in a table format with a description of the asset, the date of receipt, the value received, and the source of the claimed exemption by reference to the date the exemption was claimed. The Debtor must file this supplement by February 7, 2020 and the Trustee may respond to the supplement by February 28, 2020. The Court will then be in a position to rule on the pending matters. The Court will enter a scheduling order consistent with this Opinion.

**Signed on January 10, 2020**



/s/ Daniel S. Opperman

**Daniel S. Opperman**
**United States Bankruptcy Judge**